UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

Case No. 1:09-cr-48-JMS-KPF-01

v.

CURTISS M. DOAN, II

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:09-cr-00048-JMS-KPF |
| | ) |
| CURTISS M. DOAN, II, | ) -01 |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant Curtiss M. Doan, II, has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 48. Mr. Doan seeks immediate release from incarceration. *Id.* For the reasons explained below, his motion is **denied**.

**I.   Background**

In 2009, Mr. Doan was sentenced to a total of 384 months in prison and 60 months of supervised release after he pled guilty to two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Dkts. 21, 22. Under the law as it existed at the time, the first count carried a mandatory minimum sentence of 84 months and the second count carried a mandatory minimum sentence of 300 months, to be served consecutively to the sentence for the first count. *See* 18 U.S.C. § 924(c)(1) (effective Oct. 6, 2006 to Dec. 20, 2018). Thus, the 384-month sentence Mr. Doan received was the shortest sentence the Court could have imposed.

Mr. Doan is currently 49 years old and is incarcerated at FCI Butner Medium I. As of July 20, 2021, the Bureau of Prisons ("BOP") reports that no inmates or staff members at FCI Butner

2

Medium I have active cases of COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited July 20, 2021). It also reports that about 70% of the inmates at FCC Butner (the larger complex of which FCI Butner Medium I is a part) have been fully inoculated against COVID-19. *See id.* (reporting that 2477 inmates at FCC Butner have been fully inoculated against COVID-19); https://www.bop.gov/mobile/about/population_statistics.jsp (last visited July 20, 2021) (reporting that a total of 3502 inmates are housed at the various facilities that make up FCC Butner).

Mr. Doan has been incarcerated for more than 12 years. The BOP lists his anticipated release date, with good-conduct time included, as November 1, 2036. https://www.bop.gov/inmateloc/ (last visited July 20, 2021).

Mr. Doan filed a pro se motion requesting compassionate release under § 3582(c)(1)(A). Dkt. 48. The Court appointed counsel to represent Mr. Doan, dkt. 51, and appointed counsel filed a supporting memorandum on Mr. Doan's behalf, dkt. 57. The United States responded, dkt. 61, and Mr. Doan replied, dkt. 62. Mr. Doan also submitted a pro se statement in support of his motion. Dkt. 63. Thus, his motion is ripe for review.

**II.   Legal Standard**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). "The movant bears the burden of

establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

**III. Discussion**

Mr. Doan argues that he has established extraordinary and compelling reasons for release because he is 49 years old and has various medical conditions (including COPD, obesity, hypertension, and pulmonary respiratory disease) that place him at risk for having a severe illness if he is infected with COVID-19 and he cannot adequately protect herself from being infected while incarcerated. *See, e.g.*, dkt. 57. He also argues that extraordinary and compelling reasons support his release because he would face a much shorter mandatory minimum sentence if sentenced today. *Id.* He contends that the Court can consider his extraordinary rehabilitation in deciding whether to release him. *Id.*; *see also* dkt. 48. He also argues that he would not be a danger to the community if released and that the sentencing factors in § 3553(a) favor his release. Dkt. 57. In response, the United States argues that Mr. Doan has not shown extraordinary and compelling reasons warranting relief, noting particularly that Mr. Doan has been fully vaccinated against COVID-19. Dkt. 61; dkt. 61-5 at 40; dkt. 61-6 at 15. It also argues that Mr. Doan would be a danger to the community if released and that the sentencing factors in § 3553(a) do not favor release, emphasizing that Mr. Doan committed multiple armed robberies and that the BOP classifies him as a high recidivism risk. *Id.* In reply, Mr. Doan contends that he is not protected from COVID-19 simply because he is vaccinated, arguing that the effectiveness of COVID-19 vaccines is unclear and that he may still be susceptible to virus variants. Dkt. 62.

As explained below, Mr. Doan has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). Thus, his motion must be denied.

    A.    *Change to Mandatory Minimum Sentence*

Mr. Doan argues that he has presented extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) because he would face a shorter mandatory minimum sentence if sentenced today. Dkts. 57, 62. Specifically, § 403 of the First Step Act of 2018 amended § 924(c). First Step Act of 2018, § 403(a), 132 Stat. 5194, 5222; *see* 28 U.S.C. § 924(c)(1)(C) (effective Dec. 21, 2018). Under the amended statute, if Mr. Doan were sentenced today, he would not face a mandatory 384-month sentence. Instead, he would face only a mandatory 168-month sentence— representing mandatory, consecutive 84-month sentences for his two § 924(c) convictions. *Id.* He argues that the disparity between the sentence received and the sentence he would receive if sentenced today is an extraordinary and compelling reason warranting relief. Dkts. 57, 62.

The U.S. Court of Appeals for the Seventh Circuit has recently rejected this argument. In *United States v. Thacker*, __ F.4th __, No. 20-2943, 2021 WL 2979530, at *1, 3–4 (7th Cir. July 15, 2021), the court held that "the amendment [to § 924(c)], whether considered alone or in connection with other facts and circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction" because Congress explicitly decline to make the change retroactive. This holding forecloses Mr. Doan's argument. Thus, the Court does not consider the change to § 924(c) in deciding whether Mr. Doan has shown an extraordinary and compelling reason warranting a sentence reduction. *See id.* at *6 ("At step one, the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c).").

### B. COVID-19 Risk

Mr. Doan also argues that the risk he faces from the COVID-19 pandemic constitutes an extraordinary and compelling reason warranting relief. He emphasizes that he suffers from various medical conditions that increase his risk of experiencing severe symptoms if he is infected with COVID-19. Earlier in the pandemic, the Court found on several occasions that a defendant had established extraordinary and compelling reasons warranting release when the defendant suffered from conditions that the CDC recognized as increasing the risk of severe COVID-19 symptoms. *See, e.g.*, *United States v. Johnson*, No. 1:99-cr-59-JMS-DML-06, dkt. 317 (S.D. Ind. Mar. 11, 2021); *United States v. Shivers*, No. 1:15-cr-111-TWP-MJD-2, dkt. 154 (S.D. Ind. Dec. 11, 2020); *United States v. Jansen*, No. 1:08-cr-132-SEB-TAB-12, dkt. 1336 (S.D. Ind. Nov. 25, 2020); *United States v. Uziekalla*, No.3:15-cr-43-RLY-CMM-28, dkt. 1652 (S.D. Ind. Nov. 19, 2020). Underlying those holdings was the understanding that the virus was difficult to control in a prison setting, in part because no vaccine had yet been made widely available.

The situation has now changed dramatically. Three vaccines are being widely distributed in the United States, including the Pfizer vaccine that Mr. Doan received. *See* dkt. 61-5 at 40; dkt. 61-6 at 15. Although no vaccine is perfect, the CDC has recognized that mRNA vaccines like the Pfizer vaccine are effective at preventing COVID-19 and that COVID-19 vaccination prevented most people from getting COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited July 20, 2021). The CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against most variants currently spreading in the United States. *Id.* The vaccines are not 100% effective, and some vaccinated people may still get sick. *Id.* The CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among

people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of July 20, 2021, the BOP has administered more than 200,000 doses of the vaccine and has fully inoculated tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited July 20, 2021). In April 2021, the BOP Director testified to the Senate Judiciary Committee that all BOP inmates would be provided the opportunity to be vaccinated by mid-May 2021. *See* https://www.bop.gov/resources/news/20210415_hearing.jsp (last visited July 20, 2021). And, indeed, Mr. Doan has now received both doses of the COVID-19 vaccine—thus, dramatically reducing his chances of being infected with COVID-19 and suffering severe symptoms if he is infected. In addition, as noted above, about 70 percent of the inmates housed at FCC Butner have received both doses of the COVID-19 vaccine. This high rate of vaccination at FCC Butner should provide Mr. Doan with additional protection against reinfection. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited July 20, 2021) ("In addition to providing protection against COVID-19, there is increasing evidence that COVID-19 vaccines also provide protection against COVID-19 infections without symptoms (asymptomatic infections). COVID-19 vaccination can reduce the spread of disease overall, helping protect people around you."). The BOP has also met with recent success in controlling the COVID-19 virus at FCC Butner. As noted above, the BOP reports that no inmates or staff members at FCI Butner Medium I currently have active cases of COVID-19.

Thus, Mr. Doan has been fully vaccinated against COVID-19, the majority of inmates at his facility have been fully vaccinated, and there are no active cases of COVID-19 at his facility. Given these facts, the Court declines to exercise its discretion to find that the risk Mr. Doan faces

from the COVID-19 pandemic constitutes an extraordinary and compelling reason warranting release under § 3582(c)(1)(A). *See United States v. Gaskins*, No. 1:16-cr-249-JMS-MJD-3, dkt. 274 (S.D. Ind. Feb. 16, 2021) (finding no extraordinary and compelling reason based on COVID-19 risk where defendant had been fully vaccinated); *United States v. Schoonover*, No. 1:02-cr-156-JMS-TAB-01, 2021 WL 1814990, at *4 (S.D. Ind. May 6, 2021) (same); *see also United States v. Harris*, No. 4:16-cr-40073-SLD, 2021 WL 2021440, at *3 (C.D. Ill. May 20, 2021) ("In light of his vaccination and the low number of cases at USP Lompoc currently, the Court finds that Defendant has not shown extraordinary and compelling reasons for release exist based on the COVID-19 pandemic."); *United States v. Williams*, Criminal No. 16-251 (DWF/KMM), 2021 WL 1087692, at *3–4 (D. Minn. Mar. 22, 201) ("[T]he Court finds that any risk that Williams will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus . . . . The Court recognizes Williams's concern that the vaccine's efficacy against new variants of COVID-19 is unknown; however, the Court finds this fear entirely speculative . . . ." (citations omitted)); *United States v. Grummer*, ___ F. Supp. 3d ___, No. 08-CR-4402-DMS, 2021 WL 56782, at *2 (S.D. Cal. Feb. 16, 2021) (collecting cases and stating, "Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19. Other courts to address the issue have reached similar conclusions.").

    *C.*    *Rehabilitation*

Mr. Doan also argues that the Court should consider his extraordinary rehabilitation in determining whether to grant him compassionate release. Dkt. 62. On this point, the Court applauds Mr. Doan for his impressive efforts at rehabilitation. He has taken many educational classes and earned his GED. Dkts. 48-2, 48-3. He also represents that he has earned three associate

8

degrees with 4.0 grade-point averages and has worked as a teacher's aide and GED tutor. Dkt. 48 at 5. However, rehabilitation alone cannot constitute an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t). Moreover, given that Mr. Doan has been fully vaccinated against COVID-19 and the risk of him contracting the virus has been substantially reduced, the Court declines to find that the risk he faces from COVID-19 combines with his rehabilitation record to create an extraordinary and compelling reason warranting release.

Because the Court declines to find extraordinary and compelling reasons warranting release, it need not determine whether the § 3553(a) factors warrant release.

### IV. Conclusion

For the reasons stated above, Mr. Doan's motion for compassionate release, dkt. [48], is **denied**.

**IT IS SO ORDERED.**

Date: 7/20/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel